UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JERMAINE E. WINKFIELD,

                Plaintiff,

  -against-                                                  11 Civ. 0983 (~~PGG~~)
                                                              JUDGE ~~GARDEPHE~~

PARKCHESTER SOUTH CONDOMINIUM,
INC.; INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, LOCAL 808,

                Defendants.
---------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR JUDGMENT ON THE PLEADINGS
## ON BEHALF OF LOCAL 808 INTERNATIONAL BROTHERHOOD OF TEAMSTERS

Defendant Local 808, International Brotherhood of Teamsters, through undersigned counsel, presents this memorandum in support of the Motion, pursuant to F.R.Civ.P., Rule 12(c), for judgment on the pleadings in this action, dismissing Plaintiff's Complaint for Employment Discrimination as against Defendant Local 808, International Brotherhood of Teamsters.

### STATEMENT OF THE CASE

This is an employment discrimination claim brought by plaintiff, Jermaine E. Winkfield, against his former employer, Parkchester South Condominium, Inc. and against the labor union representative at the workplace, International Brotherhood of Teamsters Local 808, alleging unlawful discrimination on the basis of plaintiff's race (African American).  Plaintiff purports to bring his claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), the New York State Human Rights Law §§ 290 to 297 ("NYSHRL") and the New York City Human Rights Law, N.Y. City Admin. Code, §§ 8-101 to 131 ("NYCHRL").

1

Plaintiff Winkfield was employed by defendant Parkchester South Condominium, Inc. ("Parkchester") at its residential property at 2000 East Tremont Avenue, Bronx, NY 10462 as a porter for less than twelve months during calendar years 2008 and 2009.  A collective bargaining agreement was in effect between Parkchester and defendant International Brotherhood of Teamsters Local 808 ("Local 808") covering the terms and conditions of employment of bargaining unit employees working in the building service classifications at the property, including porters.

On April 28, 2009, plaintiff Winkfield resigned his job as porter and directed Local 808 to withdraw any and all grievances filed under the collective bargaining agreement protesting discipline or his employment termination with Parkchester.  Plaintiff executed a release dated April 28, 2009 in exchange for a settlement with Parkchester that included a monetary payment to plaintiff that was over and above any amounts due and owing to him under the collective bargaining agreement.

Plaintiff filed a pro se Complaint in this Court on February 2, 2011, [Document 2-1] and on February 22, 2011 was granted leave to proceed in this Court without payment of fees by Chief Judge Loretta A. Preska. [Document 4]   Plaintiff's claims in the pro se Employment Discrimination Complaint under Title VII, NYSHRL and NYCHRL assert race discrimination against Parkchester during the time of his employment, including the circumstances surrounding his April 28, 2009 resignation and the written release, and assert that Local 808 breached its duty of fair representation under the collective bargaining agreement because of unlawful race discrimination during plaintiff's employment at Parkchester.

On June 21, 2011, Defendant Local 808 filed and served a timely Answer with Affirmative Defenses, denying any unlawful discrimination and asserting failure to state a claim,

statute of limitation and administrative exhaustion defenses to any claims against the Union. [Document 9, 10 and 12]

Defendant Parkchester filed its Motion to Dismiss pursuant to F.R.Civ.P.Rule 12(b)(6) and after completion of a briefing schedule approved by the Court in the Endorsed Letter [Document 16] filed July 14, 2011, the Honorable Paul G. Gardephe issued a Memorandum Opinion and Order, entered March 2, 2012, granting the Motion and dismissing the action against Defendant Parkchester [Document 30]. The primary grounds for the dismissal Order were that plaintiff's Complaint against Parkchester under Title VII, NYSHRL and NYCHRL is untimely and barred by res judicata and collateral estoppel owing to plaintiff's failure to timely file in this Court against Parkchester under a Title VII right-to-sue letter issued by the EEOC on August 12, 2009 and adverse administrative determinations issued against plaintiff under NYSHRL and NYCHRL to which plaintiff failed to perfect an appeal.

As shown by the Court's Order of March 2, 2012 and the allegations of the Complaint, Plaintiff's Complaint against Defendant Local 808 is similarly subject to dismissal.

## LEGAL STANDARD

The standard applicable to evaluating a FRCP 12(b)(6) motion to dismiss a complaint applies to a FRCP 12(c) motion for judgment on the pleadings. Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010) (citation omitted). "To survive a motion to dismiss," a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In making this determination, a Court must be mindful of two corollary rules. "First, the tenet that a court

must accept as true all of the allegations contained in a com-plaint is inapplicable to legal conclusions." Id. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950 (citing Twombly, 550 U.S. at 556). The Supreme Court has stated that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citation omitted).

"When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' . . . complaint, . . . to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

For purposes of evaluating a 12(c) motion, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation and citation omitted) (in the context of a 12(b)(6) motion). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Id. at 153 (quotation and citation omitted). Further, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Pro se complaints and supporting papers must be read

"liberally" and interpreted to "raise the strongest arguments that they suggest." See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quotation and citation omitted).

## COMPLAINT ALLEGATIONS AGAINST LOCAL 808[1]

Plaintiff's Complaint attachment alleges that he was hired as a porter for Parkchester on May 5, 2008. Mr. Winkfield states that on December 1, 2008 he was assigned by his supervisor to the Sanitation Crew in violation of his contractual seniority under the provisions of the collective bargaining agreement. [Document 2-1 Filed 02/04/11 Page 8 of 24]   It was Mr. Winkfield's contention that an employee named Carlos Collado was less senior and should have been assigned to this work.   [Document 2-1 Filed 02/04/11 Page 9 of 24]   Mr. Winkfield states that "during this time" he sought to file a grievance with the Union, but did not receive a response from the Union representatives. [Document 2-1 Filed 02/04/11 Page 10 of 24].

Mr. Winkfield had filed an unfair labor practice charge with the National Labor Relations Board against Defendant Local 808 on October 7, 2009. [Document 24-8 Filed 08/20/11 Page 16 of 22]   After the investigation of that charge was concluded, the NLRB Regional Director advised Mr. Winkfield that: "While you assert that the Union failed to get back to you about this situation, the Union asserts that you were advised that it contended that Mr. Collado, a 12 year employee of the Employer, had greater seniority than you." [Document 24-8 Filed 08/20/11 Page 17 of 22].   In other words, the Union advised Mr. Winkfield that no violation of the collective bargaining agreement had occurred and a grievance was not viable on that point.

The only other claim against Defendant Local 808 raised in Mr. Winkfield's complaint relates to Mr. Winkfield's admitted violation of the Parkchester absentee policy resulting from

---

[1] References to the Complaint and other matters in the docket record filed by Plaintiff are referenced in this memorandum to the CM/ECF Document numbers and internal page numbers in this Civil Action No. 11 Civ. 0983.

his being absent at least twice for more that three days from work in March 2009 without verifiable excuse. [Document 2-1 Filed 02/04/11 Page 11 of 24]  Mr. Winkfield states that the Union unfairly represented him in the discharge grievance proceeding on April 28, 2009 and that his resignation was improper. [Document 2-1 Filed 02/04/11 Page 12 of 24].  In the investigation of Mr. Winkfield's unfair labor practice charge, the NLRB Regional Director found that Mr. Winkfield "did admit that a personal situation required that you take more than three-days of sick leave without the required doctor's note.  Based on your admission on non-compliance with the sick leave policy, you were discharged.  The Union negotiated a settlement on your behalf in which you received severance pay even though you had not worked the requisite one year to qualify for severance pay, and the Employer was willing to forego contesting your eligibility to receive unemployment benefits." [Document 24-8 Filed 08/20/11 Page 18 of 22]

With regard to the Statement and Release signed by Mr. Winkfield on April 28, 2009, [Document 24-1 Filed 08/20/11 Page 1 of 1], the NLRB Regional Director's investigation concluded:  "While you allege you were unduly pressured to accept the settlement, the evidence is insufficient to establish that the Union engaged in any improper conduct regarding the settlement.  The investigation did not uncover any evidence that the Union's conduct herein was motivated by any arbitrary, invidious, or otherwise discriminatory considerations and I am unable to conclude that the Union breached its obligation to fairly represent you." [Document 24-8 Filed 08/20/11 Page 18 of 22].  Mr. Winkfield's administrative appeal under the National Labor Relations Act was denied on March 1, 2010 for the same reasons. [Document 24-8 Filed 08/20/11 Page 21 of 22].

**GROUNDS FOR DISMISSAL**

**A.     The Complaint fails to state a claim against Local 808 sufficient under any state or federal anti-discrimination law.**

Plaintiff has failed to state a claim against Defendant International Brotherhood of Teamsters, Local 808, as the exclusive collective bargaining representative of bargaining unit employees covered by a collective bargaining agreement with his Employer, under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17, the New York Human Rights Law, N.Y. Exec. Law §§ 290 to 297 or the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131.

First, Mr. Winkfield cannot establish the exhaustion of his administrative remedies under Title VII in light of the Court's March 2, 2012 Memorandum Opinion and Order finding that he failed to timely file his civil action after receipt of the EEOC Right-To-Sue letter. [Document 30 Filed 03/02/12 Pages 9 through 14]. Francis v. City of New York, 235 F.3d 763, 767 (2d Cir. 2000) (citing Pietras v. Bd. of Fire Comm'rs, 180 F.3d 468 (2d Cir. 1999)) (stating that a notice-of-right-to-sue is a precondition to bringing a Title VII action).

Similarly, for the reasons stated in the Court's March 2, 2012 Order, with regard to election of remedies for any discernable claim against Local 808 under the New York Human Rights Law, N.Y. Exec. Law §§ 290 to 297 or the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131, Mr. Winkfield's claims are barred. [Document 30 Filed 03/02/12 Page 4 of 14 through Page 8 of 14]  See, Jackson v. New York State Department of Labor, 709 F. Supp. 2d 218, 224-25 (S.D.N.Y. 2010).

**B.  Any allegations of breach of duty of fair representation are barred by the six month limitation period for such claims, and in any event fail to alleged a viable claim.**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to, the six-month limitation period established under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151, 171 (1983).  Claims for discriminatory treatment of employees under Title VII require a showing that a union's failure to represent caused a breach of the collective bargaining agreement and such action by the union was motivated by discriminatory animus. See, Agosto v. Correctional Officers Benevolent Ass'n, 107 F. Supp. 2d 294, 304 (S.D.N.Y. 2004).

Here, the latest alleged breach of the collective bargaining agreement was said to have occurred on April 28, 2009, relating to Mr. Winkfield's claim that his discharge violated the collective bargaining agreement.  Because this action was not filed until February 4, 2011, the federal six month limitation period bars the claims.  White v. White Rose Food, 128 F.3d 110, 114 (2d Cir. 1997).  This is true of any state law claims asserted in the Complaint against Local 808, because such claims are preempted by federal law. See, Snay v. U.S. Postal Service, 31 F. Supp. 2d 92, 99-100 (N.D.N.Y. 1998) (dismissing the plaintiff's NYHRL claim against the union as preempted by the duty of fair representation). Zuckerman v. Volume Services America, Inc., 304 F. Supp. 2d 365, 373 (E.D.N.Y. 2004) (same).

**WHEREFORE**, Defendant International Brotherhood of Teamsters, Local 808 requests that Plaintiff's action be dismissed with prejudice, that judgment be entered in favor of said

Defendant and that the Court award said Defendant's attorneys' fees and costs, together with such other and further relief as this Court shall deem just and reasonable.

Dated: October 1, 2012 at Washington, District of Columbia

                        Respectfully submitted,

                        /s/ *James F. Wallington*
                        JAMES F. WALLINGTON (D.C. Bar # 437309)
                        Baptiste & Wilder, P.C.
                        1150 Connecticut Avenue, N.W., Suite 315
                        Washington, DC 20036-4104
                        Tel: (202) 223-0723/Fax: (202) 223-9677
                        Email: jwallington@bapwild.com
                        Pro Hac Vice

Attorneys for Defendant International Brotherhood of Teamsters, Local 808