```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                      :
JERMAINE WINKFIELD,                                   :
                                                      :
                                  Plaintiff,          :
                                                      :
                     -v-                              :
                                                      :
PARKCHESTER SOUTH CONDOMINIUM                         :
INC. and INTERNATIONAL                                :
BROTHERHOOD OF TEAMSTERS, LOCAL                       :
808,                                                  :
                                                      :
                                  Defendants.         :
                                                      :
----------------------------------------------------------X
```

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/11/13

No. 11 Civ. 983 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Jermaine Winkfield, proceeding pro se, filed this action alleging violations of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") against his former employer, Parkchester South Condominium ("Parkchester"), and former union, the International Brotherhood of Teamsters, Local 808 ("Local 808"). Before the Court is Local 808's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which seeks dismissal of Winkfield's claims on the grounds that they are barred by his failure to exhaust administrative remedies, the election of remedies provisions of the NYSHRL and NYCHRL, and the statute of limitations. For the reasons outlined below, Local 808's motion is granted and the action is dismissed.

## I.   Background[1]

Winkfield was employed by Parkchester as a porter and groundskeeper from May 5, 2008

---

[1]     The facts, which are more fully set forth in Judge Gardephe's March 1, 2012 Order, are accepted as true for purposes of this motion.

until his termination on April 28, 2009. He alleges that Parkchester discriminated against him by transferring him, in disregard of his seniority, to a less favorable position, by denying him personal leave, and ultimately by terminating him. He also alleges that Local 808 discriminated against him by failing to properly represent him in proceedings with Parkchester. Specifically, upon his transfer, Winkfield contacted his shop steward Thomas Cashman to explain "how [his] seniority had been disregarded, and how [he] felt discriminated against." (Compl. at 17.[2]) Cashman did not respond to Winkfield's complaints. Winkfield also states that he "was advised to do a grievance and sought [] Cashman's help however he never helped [him]." (Id.) He claims that he tried contacting Cashman every day from March 27, 2009 until April 24, 2009 regarding a scheduling conflict and absences from work due to a family emergency, but that he received no reply. Winkfield contacted another shop steward, Rodney Smith, for assistance, but Smith was allegedly told by Local 808 that he was "not to help Mr. Winkfield." (Id. at 21.) Winkfield further alleges that he was terminated without cause and coerced into signing a statement of release and resignation at an April 28, 2009 meeting attended by Parkchester, Cashman and another representative from Local 808. Finally, he asserts that Local 808's president told him that he would receive assistance finding a new job but that this assistance was never provided.

On October 19, 2009, Winkfield filed an Equal Employment Opportunity Commission ("EEOC") charge alleging race and age discrimination against Local 808. He filed the instant action on February 4, 2011, claiming discrimination by Parkchester and Local 808 in violation of Title VII, the NYSHRL and the NYCHRL. Winkfield attached his EEOC charge against Local 808 to his complaint. He also included copies of a November 3, 2009 letter from the EEOC

---

[2]        Winkfield's Complaint, at docket number 2, attaches documents that are not paginated. The page references provided herein treat docket number 2 as if it were a single document, all pages of which are consecutively numbered.

confirming receipt of the charge and a November 30, 2009 letter notifying him that the charge was transferred to the EEOC's Enforcement Unit for further processing. He did not, however, include a right-to-sue letter with respect to the charge against Local 808 in his filings, or any other documentation of the EEOC's final disposition of the matter.

On March 1, 2012, Judge Gardephe, to whom this case was previously assigned, granted a motion to dismiss filed by Parkchester and dismissed all claims against it. The case was reassigned to this Court on July 19, 2012. Local 808 then moved for judgment on the pleadings.

## II. Discussion

In deciding a motion for judgment on the pleadings, the Court applies the same standard as a motion to dismiss. Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir. 2009) "To survive a Rule 12(c) motion, [a plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 44 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). In deciding a motion for judgment on the pleadings, "a district court may consider facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable, LLC, 622 F.3d 104, 111 (2d Cir. 2010).

Additionally, "[i]t is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis and internal quotation marks omitted). Nonetheless, a pro se litigant is not exempt from "compliance with relevant rules of procedural and substantive law. Id. at 477 (internal quotation marks omitted).

### A. Title VII

"Obtaining a right-to-sue letter from the EEOC is a statutory prerequisite to commencing a federal suit under Title VII, and such a requirement applies with equal force to pro se litigants."

3

Bernardo v. Am. Idol Prods., Inc., No. 10 Civ. 6487 (CM)(HBP), 2010 WL 4968177, at *2 (S.D.N.Y. Dec. 6, 2010) (citing Grey v. Promenade Rehab. & Care Ctr., 145 F. App'x 705, 706-07 (2d Cir. 2005)); see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001) ("[A] claimant may bring [a Title IV] suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter."). Although Winkfield has submitted the EEOC charge he filed against Local 808, he has failed to submit proof that he received a right-to-sue letter from the EEOC with respect that charge and thus has not shown that he has exhausted his administrative remedies as required. See e.g., King v. U.S. Sec. Assocs., Inc., No. 11 Civ. 4457 (DAB)(MHD), 2012 WL 4122025 at *3 (S.D.N.Y. Aug. 22, 2012); Nurse v. City of New York, 735 F. Supp. 69, 70, 72 (S.D.N.Y. 1990). Instead, Winkfield submitted two right-to-sue letters, dated August 12 and November 10, 2010, which pertain only to charges filed against Parkchester. These right-to-sue letters are insufficient to exhaust remedies as to Local 808. See McNair v. NYC Health & Hosp. Co., 160 F. Supp. 2d 601, 605 (S.D.N.Y. 2001) (dismissing Title VII claim against union where right-to-sue letter pertained only to other non-union defendants).[3]

Accordingly, Winkfield's Title VII claim is dismissed without prejudice to Winkfield filing an amended complaint with a copy of an EEOC right-to-sue letter pertaining to Local 808 or alleging a justification for his failure to obtain such a letter. See Milne v. Navigant Consulting, No. 08 Civ. 8964 (NRB), 2009 WL 4437412, at *4 (S.D.N.Y. Nov. 30, 2009) ("[C]ourts may waive or toll [the] statutory requirement [of obtaining a Right to Sue letter] if the plaintiff shows or alleges that he made an effort to procure" it.); Crisci-Balestra v. Civil Serv.

---

[3]    The "identity of interest" exception, which "permits a plaintiff to proceed even against defendants not named in an underlying administrative charge in cases where the named and unnamed parties share a clear identity of interest," see Cole v. Central Park Sys., Inc., No. 09 Civ. 3185 (RRM)(CLP), 2010 WL 3747591, at *5 (quoting Johnson v. Palma, 931 F.2d 203, 209 (2d Cir. 1991)) (internal quotation marks omitted), is inapplicable here. "Courts in the Second Circuit have held consistently that unions and employers generally do not share the clear identity of interest necessary to waive Title VII . . . notice requirements." Id. at *6 (collecting cases).

Employees Ass'n, No. 07 Civ. 1684 (JFB)(ETB), 2008 WL 413812, at *6 (E.D.N.Y. Feb. 13, 2008) (dismissing with leave to replead because "it [was] conceivable that plaintiff ha[d] exhausted [his] administrative remedies, but simply failed to produce the necessary documentation or support for such exhaustion to the Court").

### B.    NYSHRL and NYCHRL claims

Winkfield's city and state law claims against Local 808 are preempted by the federal duty of fair representation and are thus similarly dismissed. "A union has a duty to fairly represent its members in grievances against an employer." Smith v. New Venture Gear, Inc., 320 F. App'x 33, 39 (2d Cir. 2009) (citing 29 U.S.C. § 158(b)). This duty of fair representation is "a statutory obligation [for an exclusive bargaining representative] to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." See Langford v. Int'l Union of Operating Eng'rs, Local 30, 765 F. Supp. 2d 486, 507 (S.D.N.Y. 2011) (quoting Vaca v. Sipes, 386 U.S. 171, 177 (1967)). "The vast majority of cases in this Circuit, when dealing with state-law claims of discrimination against a union, have found such claims to be subsumed" by the duty of fair representation and therefore preempted. Id. at 507-08 (collecting cases).

Winkfield's claims under the NYSHRL and NYCHRL are based on allegations that Local 808 discriminated against him on account of his race and age. He alleges that Local 808 failed to fairly represent him after his December 2008 transfer and during the April 28, 2009 meeting in which he was terminated. These state and city claims of discrimination are subsumed by the duty of fair representation and preempted by federal law. See, e.g., Fenn v. Verizon Communications, Inc., No. 08 Civ. 2348 (PGG), 2010 WL 908918, at *6 (S.D.N.Y. Mar. 15, 2010) ("To the extent that union representatives violated state laws by treating him differently than other members because of his gender or religion, they also violated the federal duty of fair

representation.   Thus, because the NYSHRL and NYCHRL create[] no new rights for an employee and impose[] no new duty on a union not already clearly present under existing federal labor law, they are preempted.") (internal quotation marks omitted); Cabrera v. NYC, 436 F. Supp. 2d 635, 646 (S.D.N.Y. 2006) ("Because [plaintiff] claims that the Union Defendants violated NYHRL by not properly representing her, th[e] claim is preempted.").

The statute of limitations for a breach of the duty of fair representation is six months, see DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 155 (1983), and the cause of action "accrues no later than the time when plaintiff[] knew or reasonably should have known that such a breach of the duty of fair representation had occurred," Cohen v. Flushing Hosp. & Med. Ctr., 68 F.3d 64, 67 (2d Cir. 1995).   The present action was filed on February 4, 2011, well over six months after April 28, 2009, the date of the last alleged incident of breach of the duty of fair representation.   Because the six month statute of limitations applies to Winkfield's claims, they must be dismissed at time-barred.

**III.   Conclusion**

For the reasons discussed above, Winkfield's city and state law claims are dismissed with prejudice as time-barred.[4]   His Title VII claim, however, is dismissed without prejudice to Winkfield filing an amended complaint by July 11, 2013 with a copy of an EEOC right-to-sue letter pertaining to Local 808 attached or alleging a justification for his failure to obtain such a letter.   If Winkfield fails to amend his complaint by July 12, 2013, this case will be closed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose

---

[4]     Winkfield's complaint also states that he did "not receive[] any help from [Local 808] on finding a new job." (Compl. at 2.)  The Court is unable to discern whether Winkfield has a viable claim against Local 808 based on this conclusory allegation alone and/or whether such claim would also be time-barred.  If Winkfield chooses to file an amended complaint, as permitted by this Order, he may allege facts further detailing this allegation.  See Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6, 493 U.S. 67, 75-76 (1989) (A union member may "bring a [duty of fair representation] claim . . . against the union based on its wrongful refusal to refer him for work.").

of an appeal.  See Coppedge v. United States, 369 U.S. 438 (1962).

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 43.

SO ORDERED.

Dated:          June 11, 2013
                New York, New York

_____
Ronnie Abrams
United States District Judge

7